ce: hg

# ORIGINAL

CADES SCHUTTE LLP

MILTON M. YASUNAGA     3058-0
MARC E. ROUSSEAU       6327-0
1000 Bishop Street, Suite 1200
Honolulu, HI 96813-4212
Telephone: (808) 544-3833
FAX: (808) 521-9210
Email: myasunaga@cades.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 29 2012

at / O'clock and 5 5 min. A M.
SUE BEITIA, CLERK

Attorneys for Defendants
CATHERINE LIN; NI HAO MEDIA, LLC;
SEAN LEE COMBS; WILLIAM A. MOORE

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| J. TIMOTHY GUTIERREZ, individually and as manager of JTG, LLC and agent of PYRAMID PREMIER PROPERTIES, INC.; JTG, LLC; PYRAMID PREMIER PROPERTIES, INC., <br><br>         Plaintiffs, <br><br>     v. <br><br> CATHERINE SZU-YU LIN aka CATHERINE LIN aka CATHERINE S. LIN aka CATHERINE LIN-FRAZIER aka CATHERINE FRAZIER aka CATHERINE LIN-QUAN aka CATHERINE QUAN; NI HAO MEDIA, LLC; SEAN LEE COMBS; WILLIAM BUD MOORE aka WILLIAM A. MOORE; JOHN DOES 1-10; JANE DOES 1-10; DOE | CIVIL NO. CV12 00372 HG KSC <br><br> DEFENDANTS CATHERINE LIN'S, NI HAO MEDIA, LLC'S, SEAN LEE COMBS', AND WILLIAM A. MOORE'S NOTICE OF REMOVAL; EXHIBIT A; CERTIFICATE OF SERVICE |

ImanageDB:2119102.1

PARTNERSHIPS 1-10; DOE
CORPORATIONS 1-10; DOE
ENTITIES 1-10; and DOE
GOVERNMENTAL UNITS 1-10,

Defendants.

### DEFENDANTS CATHERINE LIN's, NI HAO MEDIA, LLC'S, SEAN LEE COMBS', AND WILLIAM A. MOORE'S NOTICE OF REMOVAL

Defendants Catherine Lin, Ni Hao Media, LLC, Sean Lee Combs, and William A. Moore hereby provide notice of removal to this Court pursuant to 28 U.S.C. §§ 1331, 1338, 1441, 1446, and 1454 and state the following grounds for their removal:

On or about April 2, 2012, Plaintiffs J. Timothy Gutierrez; JTG, LLC; and Pyramid Premier Properties, Inc., filed a civil action against Defendants in the Circuit Court of the First Circuit, State of Hawaii, entitled J. Timothy Gutierrez, Individually and as Manager of JTG, LLC and Agent of Pyramid Premier Properties, Inc.; JTG, LLC; and Pyramid Premier Properties, Inc. vs. Catherine Szu-Yu Lin aka Catherine Lin; Ni Hao Media, LC; Sean Lee Combs; William Bud Moore aka William A. Moore, Civil No. 12-1-0890-04 KKS. On or about April 4, 2012, a First Amended Complaint was filed. (From a copy obtained just this week, it appears the original, unamended complaint lacked any exhibits and was similarly worded to the amended complaint but was missing several pages.)

Some of the Defendants had heard a lawsuit had been filed and so, on May 30, 2012, counsel for Defendants obtained a copy of the First Amended Complaint from the State court files.  No Defendant has yet been properly served with either complaint, although a copy of the First Amended Complaint was received by Defendant Lin via certified mail on June 8, 2012, which manner of service is improper because leave of court to serve in that fashion was never sought or received.  Because nothing has been properly served on any Defendant, 28 U.S.C. §1446's requirement that this notice of removal include a copy of all process, pleadings, and orders served upon Defendants in the state court action does not actually come into play.  Nevertheless, for the convenience and understanding of this Court, attached as Exhibit A is a true and correct copy of the First Amended Complaint.

This removal petition is timely filed, as 28 U.S.C. §1446(b) provides a defendant with 30 days to remove a case after receipt by defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.  Thus, this notice of removal is timely commenced under 28 U.S.C. §1446(b).  (It should be noted that the state court action contains a claim for relief arising under an Act of Congress relating to copyrights, so, as provided by 28 U.S.C. §1454, the action may be removed by any party and the time limits contained in §1446(b) may be extended at any time for

ImanageDB:2119102.1

cause shown.)

Under 28 U.S.C. §1441(a), venue of this removed action is proper in this Court as the district and division embracing the place where the state action is pending.

Defendants will give notice to all adverse parties of the filing of this Notice of Removal and will file a notice of it with the Clerk of the Circuit Court of the First Circuit, State of Hawaii, as required by 28 U.S.C. §1446(d).

This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338, and removal is proper under U.S.C. §§1441, 1446, and 1454, as explained below.

This case involves claims regarding the alleged design and construction of a Kahala Avenue home by Plaintiffs for Defendant Lin, and Defendants' use of photographs of Defendant Lin's Kahala Avenue home in their magazine to promote Hawaii and Hawaii real estate to Chinese visitors/investors.  The First Amended Complaint (Ex. A hereto) contains a claim for relief (Count X) alleging that the placing of the photographs of Defendant Lin's home in Defendants' magazine constituted "Copyright Infringement," which thus purports to be a claim arising under an Act of Congress (17 U.S.C., which covers copyrights), and it therefore falls within 28 U.S.C. §1331 which provides that this Court has original jurisdiction of all civil actions arising under laws of the United States and 28

U.S.C. §1338 which provides that "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to … copyrights …." In fact, the filing of this copyright case in state court was wrongful because the Federal courts have exclusive jurisdiction over copyright claims because 28 U.S.C. §1338 states that "No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to … copyrights …."

The other claims in the First Amended Complaint are related claims for relief over which this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 because the claims form part of the same case or controversy and they derive from a common nucleus of operative fact, such that Plaintiffs would ordinarily expect them to be tried in one judicial proceeding.

Thus, pursuant to 28 U.S.C. §§1367 and 1441(c), the entire dispute pending in state court may be removed.

WHEREFORE, Defendants pray that this Notice of Removal be accepted as good and sufficient, and that the Action be removed from the Circuit Court of the First Circuit, State of Hawaii, as provided by 28 U.S.C. §1441, and thereupon to proceed with said civil action in this Court as though originally commenced in this Court, and for all orders and decrees as may be necessary or appropriate in such cases to be made and provided.

ImanageDB:2119102.1

DATED:  Honolulu, Hawaii, June 29, 2012.

CADES SCHUTTE LLP

MILTON M. YASUNAGA
MARC E. ROUSSEAU
Attorneys for Defendants
CATHERINE LIN; NI HAO MEDIA, LLC;
SEAN LEE COMBS; WILLIAM A.
MOORE

ImanageDB:2119102.1